IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROD WOODARD, ) | |
|    ID # 2018735, ) | |
|       Movant, ) | |
| ) | No. 3:22-CV-2058-M-BH |
| vs. ) | No. 3:15-CR-412-M(1) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|       Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

The *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on October 17, 2022 (doc. 5), should be **DENIED** with prejudice as barred by the statute of limitations.

**I.    BACKGROUND**

Verod Woodard (Movant), an inmate currently confined in the Texas Department of Criminal Justice (TDCJ), was charged by federal indictment on September 23, 2015 with two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts One and Three); one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two); one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(i) (Count Four); and one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Five). (*See* doc. 1.)[2] On May 2, 2016, he pled guilty to Count Four of the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-412-M(1).

indictment, under a plea agreement. (*See* docs. 37, 41.) He was sentenced to 283 months' imprisonment on Count Four, to run concurrently with the balance of the state sentences he was serving, and to be followed by a three-year term of supervised release. (*See* doc. 59.) On August 28, 2017, the judgment was affirmed on direct appeal. *See United States v. Woodard*, 697 F. App'x 287 (5th Cir. 2017). His petition for a writ of certiorari was denied by the Supreme Court on March 5, 2018. *See Woodard v. United States*, 138 S. Ct. 1272 (2018).

In a *pro se* letter request dated August 11, 2022, Movant sought to challenge a federal detainer that he alleged was on his TDCJ record; he contends that his 924(c) conviction in the underlying criminal case was to be vacated. (*See* doc. 70.) Because the docket in the underlying criminal case showed that Movant had not filed any post-judgment motion or request challenging his conviction, the letter was construed as a § 2255 motion and this action was opened. (*See* doc. 71; No. 3:22-CV-2058-M-BH, doc. 3.) By order dated September 22, 2022, Movant was provided with the required warnings and instructions under *Castro v. United States*, 540 U.S. 375, 383 (2003), and he was given an opportunity to amend his filing if he intended to proceed with a § 2255 motion. (*See* No. 3:22-CV-2058-M-BH, doc. 4.)

Movant's amended § 2255 motion was received on October 17, 2022. (*See id.*, doc. 5.) He challenges his conviction and sentence on the following ground: "My 924(c) conviction is unconstitutional [sic] and should be vaccated [sic] in light of the Supreme Courts [sic] ruling." (*Id.*, doc. 5 at 6.)

## II.     STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

2

>   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on March 5, 2018, when the Supreme Court denied his petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). He does not allege that government action prevented him from filing a § 2255 motion earlier. *See* 28 U.S.C. § 2255(f)(2).

Regarding § 2255(f)(3), Movant appears to rely on *United States v. Davis*, 139 S. Ct. 2319 (2019), to argue that "[t]he Supreme Court of the United States ruled that 924(c) covictions [sic] are unconstitional [sic] and convictions have been vaccated [sic]."[3] (No. 3:22-CV-2058-M-BH, doc. 5 at 6.) He "believe[s] my case should recieve [sic] the same treatment." (*Id.*) In *Davis*, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. To the extent he

---

[3] To the extent Movant is not relying on *Davis*, he has not identified any decision in which the Supreme Court initially recognized a new right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

3

relies on the *Davis* decision in support of his § 2255 claim, it was decided on June 24, 2019, so a habeas action relying on it must have been brought by June 24, 2020. *See* 28 U.S.C. § 2255(f)(3). Additionally, the facts underlying Movant's *Davis* claim became known or could have become known through the exercise of due diligence prior to the date his conviction became final. *See* 28 U.S.C. § 2255(f)(4).

Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from June 24, 2019, the date on which Movant's claim was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Movant's *pro se* letter request and amended § 2255 motion were filed over two years later. (*See* No. 3:22-CV-2058-M-BH, doc. 3.) Accordingly, the § 2255 motion is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

A.   **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing

4

his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant provides no basis for equitably tolling the limitations period, and he has therefore failed to satisfy his burden to establish circumstances warranting equitable tolling.

**B.** **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of the newly discovered evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires

'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Movant does not allege that he is actually innocent, and his claim does not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period on the basis of actual innocence. His § 2255 motion should be denied as untimely.

### III. RECOMMENDATION

The *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on October 17, 2022 (doc. 5), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 21st day of October, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE